## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CRYSTAL WRIGHT, et al.                     )
                                           )
                    Plaintiffs,            )
                                           )  Civil Action No. 1:16-cv-1556 (JEB)
        v.                                 )
                                           )
DISTRICT OF COLUMBIA, et al.               )
                                           )
                    Defendants.            )

## STIPULATION OF RELIEF AND MOTION TO STAY PROCEEDINGS FOR 90 DAYS AND ORDER ADOPTING THE SAME

Before the Court is an application for a preliminary and/or permanent injunction filed by plaintiffs Crystal Wright, Brendan Turner and Traci Dean, a motion for stay of this case filed by defendants, and responsive pleadings thereto.  The parties have worked out an agreement to accommodate the named plaintiffs while the Council for the District of Columbia enacts new legislation relevant to the issues in this case.  Nothing in this stipulation or any order adopting it is an admission of liability, duty, or wrongdoing by any party or an admission that any statute, policy, practice, or procedure of the District of Columbia, its officers, officials, employees, agents, and servants, at any time or in any way violated federal or District law.  The defendants deny all liability and any and all factual claims asserted by plaintiffs in this lawsuit.

The parties hereby stipulate to the following:

1. Defendants and their officers, agents, and employees will not enforce D.C. Code §7-2501.01(7)(D) and §7-2502.01(a) to the extent these sections prohibit named plaintiffs from importing, purchasing, possessing or using Tasers® or other electronic arms for lawful self-defense in their residences.

2

2.  Defendants and their officers, agents, and employees will not enforce D.C. Code §7-2501.01(7)(D) and §7-2502.01(a) to the extent these sections prohibit third-party vendors from selling or shipping electronic arms to named plaintiffs for possession in their residences.

3.  Plaintiffs' motion for an injunction is hereby held in abeyance and proceedings in this case are stayed for the earlier of 90 days or until the effective date of pending legislation, which may serve to moot plaintiffs' remaining claims.

4.  The District agrees to pay plaintiffs' reasonable attorney's fees and costs incurred through the date of this Order.  In the event the parties cannot agree on the amount of plaintiffs' reasonable attorney's fees and costs, the parties agree that plaintiffs shall be treated as prevailing parties up though the date of this Order and shall make application to the Court to determine their reasonable attorney's fees and costs.

It is therefore ORDERED that the above stipulation is adopted.


SO ORDERED


Dated: September 26, 2016          _____

                                   JAMES E. BOASBERG
                                   United States District Court Judge